UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY EKPERIKPE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7588** |
| **STATE FARM FIRE & CASUALTY CO.** | **SECTION: "K"(5)** |

## ORDER

  Before the Court is Plaintiff's Motion to Remand (Rec.Doc.No. 6). Defendant State Farm removed this action contending that jurisdiction exists under 28 U.S.C. §§ 1332 and 1369. Specifically, it is undisputed that the parties are diverse, and Defendant further maintains the amount in controversy exceeds $75,000. State Farm also alleges jurisdiction under 28 U.S.C. § 1369 ("Multiparty, Multiforum Trial Jurisdiction Act" or "MMTJA"), arguing that Hurricane Katrina was an accident under the MMTJA.

  This Court as well as other courts of this district have held that Hurricane Katrina is not a "single accident" under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). For the reasons set forth in *Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) and *Johnson v. State Farm Fire & Cas. Co.*, No. 06-6248, (E.D. La. Nov. 28,

2006), the Court finds that jurisdiction does not exist under sections 1369 or 1441(e)(1).

The Court has also recently addressed the amount in controversy issue as it relates to a claim for proceeds under a homeowner's insurance policy. *See Moore v. Allstate Ins. Co.*, No. 06-4229 (E.D. La. Oct. 23, 2006); *Rush v. American Security Ins. Co.*, No. 06-5345 (E.D. La. Dec. 14, 2006).

Applying the legal standard for amount in controversy questions as articulated in *Moore* and *Rush*, it is not facially apparent from the state court pleading that the amount in controversy exceeds $75,000. Defendant then has the burden of showing by a preponderance of evidence that the amount in controversy is greater than $75,000. *Moore*, at *5.

Defendant submits no evidence that this action meets the amount in controversy requirements for the purposes of the exercise of jurisdiction under section 1332. Rather, Defendant asserts that the policy limits exceed $75,000, and this fact coupled with the allegations for attorney's fees and penalties under Louisiana law satisfy the amount in controversy requirement. Notice of Removal, at ¶¶ 12-16 (Rec.Doc.No. 1). There is nothing on the face of the petition which suggests Plaintiff is seeking up to her policy limits. Notice of Removal, Petition (Rec.Doc.No. 1). Moreover, the allegations seeking attorney's fees and penalties under Louisiana law do not themselves satisfy the amount in controversy requirement. *Rush*, at n. 5.  Thus, the Court finds that Defendant has not met its burden of showing that the amount in controversy exceeds $75,000. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 6) is hereby **GRANTED**, and the action is **REMANDED** to state court.

New Orleans, Louisiana, on this __18th__ day of December, 2006.

                          **STANWOOD R. DUVAL, JR.**
                     **UNITED STATES DISTRICT COURT JUDGE**